Douglas C. Smith, Esq. (State Bar No. 160013)
dsmith@smitlaw.com
SMITH LAW OFFICES, LLP
4204 Riverwalk Parkway, Suite 250
Riverside, California 92505
Telephone: (951) 509-1355
Facsimile: (951) 509-1356

Attorneys for Defendant
COUNTY OF RIVERSIDE

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.S., a minor, by and through his Guardian ad Litem, GLENDA ELLIS,<br><br>Plaintiff,<br><br>vs.<br><br>THE COUNTY OF RIVERSIDE, a governmental entity; JOHN DAVID YODER, an individual; FOSTER FAMILY HOME AND SMALL FAMILY HOME INSURANCE FUND; DOES 1 TO 100, INCLUSIVE,<br><br>Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1331**<br><br>*Superior Court Action filed 3/28/18*<br>*Superior Court First Amended Complaint Filed 5/7/18* |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Pursuant to the provisions of 28 U.S.C. § 1331, COUNTY OF RIVERSIDE ("Defendant"), hereby removes the above-entitled action, Case No. PSC1801867, from the Superior Court of the State of California, County of Riverside, to this Honorable Court. The grounds for this removal are as follows:

///

///

///

1. Plaintiff, E.S., a minor, by and through his Guardian ad Litem, Glenda Ellis, filed his Complaint for damages in the Superior Court for the County of Riverside, State of California, Case No. PSC1801867, on March 28 2018. In the lawsuit, Plaintiff alleges he was a cognitively impaired special needs child, who was sexually molested by Co-Defendant David Yoder; and that Defendant County of Riverside is liable for that conduct through certain actions and omissions outlined in more detail in the Complaint. A true and correct copy of this Complaint is attached hereto as Exhibit "1."

2. In the Complaint, Plaintiff has four causes of action, pursuant to 42 U.S.C. § 1983, against Defendant County. In the first two claims, Plaintiff alleges Defendant County violated his constitutional rights by placing him with a known or suspected sexual abuser, Defendant John David Yoder, then failing to supervise and control Defendant Yoder. The alleged conduct by the County was allegedly done with deliberate indifference to Plaintiff's constitutional due process rights.

3. In the third claim, Plaintiff alleges Defendant County violated his due process rights by failing to supervise, train, discipline, and control its employees. In the fourth claim, Plaintiff specifically alleges a *Monell* claim against Defendant County for unlawful policy, practice or custom. The remaining claims against Defendant County are state claims (Negligence, Bane Act violations, and violations of California Constitution).

4. Prior to serving Defendant County with any pleadings, Plaintiff, on May 7, 2018 and then again on June 21, 2018, filed a First Amended Complaint. A true and correct copy of the First Amended Complaint is attached hereto as Exhibit "2." No substantive changes were made in the amendment other than name corrections/substitutions. A true and correct copy of the state court docket is attached hereto as Exhibit "3."

///

///

5. The Summons and original Complaint (but not the First Amended complaint) was served on the County on August 20, 2018. A true and correct copy of the Summons and Complaint served on August 20, 2018 is attached hereto and marked as Exhibit "4." This was the first pleading served on the County in this matter.

6. Any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the Defendant or the Defendants, to the District Court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. This Court has original jurisdiction over actions brought pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1331.

7. A notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

8. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

9. Plaintiff's operative complaint alleged claims under 42 U.S.C. § 1983. Accordingly, this Court has original jurisdiction of this matter. Moreover, as Defendant was first served with the Summons and Complaint on August 20, 2018, any notice of removal must be filed on or before September 19, 2018. This notice is timely.

10. Accordingly, Defendant removes the action now pending in the Superior Court of the State of California, County of Riverside, to the United States District Court for the Central District of California.

DATED: September 19, 2018 SMITH LAW OFFICES, LLP

By ______________________

Douglas C. Smith
Attorneys for Defendant
COUNTY OF RIVERSIDE